# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RODNE' DAVIS-MOAB**                                                          **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 2:19-cv-2-KS-MTP**

**JEFFERSON DAVIS COUNTY TAX**
**ASSESSOR'S OFFICE**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Complaint [1] filed on or about January 2, 2019. The Complaint does not appear to provide a basis for this Court to assume jurisdiction over this matter. Because the Court has the authority to raise lack of jurisdiction *sua sponte*, and to conserve the parties' and the Court's resources, the undersigned recommends that this case be dismissed without prejudice for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction. There are two bases for federal court jurisdiction: federal question and diversity. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). A court has an obligation to consider its basis for subject-matter jurisdiction and may raise the issue *sua sponte*. *HRF Enterprises, Inc. v. Advance Food Co., Inc.*, 2013 WL 12130309, at *1 (W.D. Tex. October 29, 2013) (citing *Doe v. Tangipahoa Par. Sch. Bd.*, 494 F.3d 494, 496 n.1 (5th Cir. 2007)).

In his Complaint [1], Plaintiff alleges that the Jefferson Davis County Tax Accessor's Office has committed fraud. Plaintiff states that he changed his name from Rodney O'Neal Thompson to Rodne' Davis-Moab. He alleges that deeds, under one of his names, were fraudulently altered and the tax accessors office will not provide him with adequate information to prosecute the party that changed the deeds.

The Complaint centers on alleged fraud on the part of the named tax accessors office, and Plaintiff states that the basis for jurisdiction is a federal question. Compl. [1] at 3. Plaintiff has not pointed to a federal law that is relevant in this action. Simply claiming that Defendant has committed fraud does not state a claim under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Moreover, the claims asserted have to do with state tax liens and the recording of deeds. These matters generally arise under or are governed by state law.

The Complaint also states that Plaintiff is a resident of Mississippi and Defendant is an entity of Jefferson Davis County, Mississippi. Therefore, there is no diversity jurisdiction either. *See* 28 U.S.C. § 1332. As this Court lacks subject-matter jurisdiction over this matter, this case should be dismissed.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Plaintiff's Complaint [1] be dismissed without prejudice for lack of subject-matter jurisdiction.[1]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that

---

[1] Plaintiff, of course, is free to pursue these claims in the appropriate state court.

party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 14th day of January, 2019.

                                               /s/ Michael T. Parker
                                               United States Magistrate Judge